IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUDRA MCCARTHY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 09 C 1548 ) ) Magistrate Judge Sidney I. Schenkier |
| TARGET CORPORATION, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Audra McCarthy, has filed a two-count complaint against defendant, Target Corporation, alleging negligence and premises liability under Illinois common law. On March 12, 2009, defendant properly removed this case from the Circuit Court of Cook County to this Court, where we have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has now filed a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), on both counts of Ms. McCarthy's complaint, along with a companion motion to strike the Ms. McCarthy's expert report and to bar the expert's testimony, pursuant to Federal Rule of Evidence ("FRE") 702 and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). Having reviewed the parties' arguments and evidence, the Court grants defendant's motion to bar (doc. # 74) and its motion for summary judgment (doc. # 71).

---

[1] On June 3, 2009, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the case was assigned to this Court for all proceedings, including the entry of final judgment (doc. ## 10, 18).

# I.

The legal standards governing motions for summary judgment are well-established. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of establishing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To withstand a motion for summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on the essential elements of its case. *Id.* Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (U.S. 1986).

The Court will construe the evidence and all reasonable inferences in favor of the non-moving party. *Durable Mfg. Co. v. U.S. Dep't of Labor*, 578 F.3d 497, 501 (7th Cir. 2009). When a material fact or set of facts yields competing, but reasonable, inferences, then there is a genuine issue that precludes summary judgment. *Coles v. City of Chicago*, 361 F. Supp.2d 740, 741-42 (N.D. Ill. 2005). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

We begin by setting forth the material, undisputed facts established by the parties' submissions, made pursuant to Local Rule 56.1. Ms. McCarthy does not dispute any of the defendant's statements of fact.[2] We nonetheless have reviewed the evidentiary materials offered by defendant to support each fact statement, and find them sufficient to establish the facts asserted in the motion for summary judgment.

### A.

On December 13, 2007, Ms. McCarthy entered a Target store located in Schaumburg, Illinois (DSMF ¶ 6). After entering the store, Ms. McCarthy purchased a Sprite soft drink in a red cup (DSMF ¶ 7). She then proceeded to the entertainment section of the store, where the DVD movies were located (hereinafter "DVD aisle"), to meet her son, Kyle McCarthy (DSMF ¶ 8). Ms. McCarthy testified that she did not have any trouble seeing what she was doing while she was in the DVD aisle (DSMF ¶ 16), but her right foot "slipped, causing her to fall" (DSOF ¶ 11).

When asked why she believed she fell, Ms. McCarthy said that, when she fell, she observed a "puddle" of "clear liquid" approximately 10 inches long by 7 inches wide (DSMF ¶ 14), which was "very difficult to see" with "the naked eye" from a standing position (DSMF ¶ 13). In fact, Ms. McCarthy stated that she "couldn't see it" until she was "down on the floor looking at it." Likewise, videotape evidence reflecting the movements of Ms. McCarthy and her son when they were in the DVD aisle (Def.'s Exs. A-B) shows that, from the vantage point of the camera, at all relevant times there was no visible liquid substance on the floor at the spot where Ms. McCarthy fell.

---

[2] For the reasons discussed in Section III of this opinion, the additional fact statement submitted by Ms. McCarthy pursuant to Local Rule 56.1(b)(3)(C), which is based largely on opinions offered by Ms. McCarthy's retained expert, does not contain material evidence sufficient to create a triable issue on the claims alleged.

3

In her deposition, Ms. McCarthy testified that the clear liquid she saw on the floor after she fell was not the Sprite beverage that flew out of her hand when she fell; but, she does not know what type of liquid she saw or slipped on (DSMF ¶ 23). Specifically, Ms. McCarthy remembers that the Sprite beverage in her right hand went "flying" when she fell forward, creating another spill on the floor "far removed from the puddle that caused [her] to fall" (DSMF ¶ 22).

Ms. McCarthy testified that she had no knowledge how the alleged puddle on which she claimed to have slipped came to be on the floor; who put it onto the floor; whether any Target employee knew the alleged puddle of liquid was on the floor at the time she fell; how long it was present before she fell; or the last time any customer or Target employee had been in the same aisle before she entered it (DSMF ¶¶ 17-21). Ms. McCarthy further testified that she did not see any shoe prints or shopping cart tracks (including her own) through the alleged substance at the point where she fell (DSMF ¶ 24).

On the day of the accident, Mr. Kyle Meyer was the first Target employee to arrive in the DVD aisle after Ms. McCarthy fell (DSMF ¶ 26). At his deposition, Mr. Meyer testified that when he entered the DVD aisle, Ms. McCarthy told him that there was a drink spilled on the ground that she did not see and that she slipped in it (DSMF ¶ 27). Similarly, Ms. McCarthy testified she told Mr. Meyer that she fell on something wet and pointed to the precise area where she fell (DSMF ¶ 25). However, Mr. Meyer testified that the spilled drink he saw was more towards the front of the store, where he entered the DVD aisle, and not where Ms. McCarthy said she slipped and fell (DSMF ¶ 28). Moreover, Mr. Meyer testified that, after he had cleaned the spilled drink that was on the floor in front of where Ms. McCarthy had fallen, there was no other liquid in the aisle (DSMF ¶ 29).

4

Ms. McCarthy was asked in her deposition whether the DVD display case itself caused her to slip, lose her balance, or contributed in any way to her fall (DSMF ¶ 30). She answered that it did not cause her to slip, lose her balance or contribute to her fall (*Id.*). Moreover, in responding to requests to admit served pursuant to Federal Rule of Procedure 36, Ms. McCarthy denied that she "did not slip on liquid on the floor," and, instead, expressly admitted that "she did slip on liquid on the floor" (Def.'s Mem., Ex. F, ¶¶ 5-6).

## II.

We turn now to an analysis of the claims at issue, as alleged in Counts I and II of the Complaint. Ms. McCarthy seeks to hold defendant liable under state common law theories of ordinary negligence and premises liability for injuries she sustained when she fell in a DVD aisle located in a Target Store. In her negligence claim, Ms. McCarthy singles out the "accumulation of liquid or other slippery substance on the floor" as the basis for her fall and for Target's liability (Compl., Count I, ¶ 4). Likewise, in her premises liability claim, Ms. McCarthy alleges that the dangerous condition that caused her injury and renders Target liable was "the presence of a slippery liquid on the floor of a busy consumer shopping area" (*Id.*, Count II, ¶ 5).

In this diversity case, we apply Illinois common law. *See Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) ("A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits"). The Court has reviewed the applicable law and the evidence offered by the Ms. McCarthy to support both theories of liability. For the reasons set forth below, the Court finds that Ms. McCarthy has failed to establish a genuine issue of material fact regarding certain elements of proof necessary to establish ordinary negligence and premises liability

5

under Illinois law. Target is, therefore, entitled to summary judgment on both Counts I (ordinary negligence) and II (premises liability) of the complaint.

## A.

We first address Ms. McCarthy's state law premises liability claim alleged in Count II. To prevail on a claim of premises liability, a plaintiff must show: (1) there was a condition on the premises that presented an unreasonable risk of harm to people on the property; (2) the defendant knew or in the exercise of reasonable care should have known of both the condition and the risk ("constructive notice"); (3) the defendant could reasonably expect people on the property would not discover the danger or would fail to protect themselves against such danger; (4) the defendant was negligent in one or more ways (*e.g.*, failing to remedy or warn of the risk or failing to exercise reasonable care to protect people against the danger); (5) the plaintiff was injured; and (6) the defendant's negligence was a proximate cause of the plaintiff's injury. *Galbreath v. Wal-Mart Stores, Inc.*, No. 10-2065, 2011 WL 1560669, at *3 (C.D. Ill., Apr. 25, 2011) (citing *Hope v. Hope*, 924 N.E.2d 581, 584 (Ill. App. 4th Dist. 2010); *Simich v. Edgewater Beach Apartments Corp.*, 857 N.E.2d 934, 945 (Ill. App. 1st Dist. 2006)).

There is no genuine dispute about the fifth element: that Ms. McCarthy was injured at the Target store. The parties disagree about whether Ms. McCarthy has satisfied the first element, namely, the existence of a condition that created an unreasonable risk of harm. Ms. McCarthy says that she has offered enough evidence on this element, because she and her son have testified on oath to the presence of a clear, difficult-to-see substance on the floor of the DVD aisle where she slipped, fell and injured herself. Target argues that the video conclusively shows that this was not so, establishing that there was no substance on the floor, and that Ms. McCarthy fell because she tripped

over her own feet. We need not resolve this disagreement because, even if we assume that the video is not as conclusive as defendant claims and that Ms. McCarthy has created a triable issue as to whether there was a liquid substance on the floor, she has failed to create a triable issue as to other elements of her premises liability claim.

The second element of a premises liability claim requires proof that the defendant knew or should have known of the dangerous condition on its premises. Where a "substance was on the premises through acts of third persons or there is no showing how it got there," a plaintiff must show that "the proprietor or his servants knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered." *Galbreath,* 2011 WL 1560669, at *4 (quoting *Olinger v. Great Atlantic & Pacific Tea Co.*, 173 N.E.2d 443, 445 (Ill. 1961)).

Here, Ms. McCarthy has not offered any evidence to show how the alleged substance ended up on the floor; nor has she offered evidence showing that Target knew there was a substance on the floor. Moreover, Ms. McCarthy has also failed to establish that Target *should have known* of the liquid's presence. For example, she has offered no evidence to show how long the alleged liquid was on the floor; thus, she has no evidence that the liquid was present long enough prior to her fall to raise an inference that a Target employee should have discovered it before she fell. Nor has Ms. McCarthy offered evidence that the liquid was so visible that a Target employee exercising due care should have seen it. Quite the contrary: Ms. McCarthy testified that the liquid was "clear" and "very difficult to see" with the naked eye from a standing position, and that she did not see the liquid before she fell (DSOF ¶ 13). Ms. McCarthy further testified that she did not see any track marks through the liquid on the floor to identify it prior to her fall (DSOF ¶ 13). And, there is no evidence

that any other customers noticed the alleged liquid. *See Galbreath*, 2011 WL 1560669, at * 4 (noting that a plaintiff may satisfy constructive notice element by showing other customers noticed the substance before plaintiff fell).

Without this kind of evidence, no juror could draw any reasonable inferences favorable to Ms. McCarthy to support a finding that Target had either actual or constructive notice of the alleged liquid. The failure to create a triable issue of material fact on the element of knowledge is alone sufficient to warrant summary judgment in favor of defendant on the premises liability claim in Count II.[3]

**B.**

We now consider Ms. McCarthy's negligence claim in Count I. To prevail on an ordinary negligence claim under Illinois law, a plaintiff must prove that: (1) the defendant owed a duty of reasonable care to the plaintiff; (2) the defendant breached the duty; and (3) the breach was the proximate cause of the plaintiff's injury. *Galbreath*, 2011 WL 1560669, at *4; *Wiegman v. Hitch-Inn Post of Libertyville*, 721 N.E.2d 614, 620 (Ill. App. 1999). With respect to the first element, neither party disputes that Target owed Ms. McCarthy, a business invitee, a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition. *See Olinger*, 173 N.E.2d at 445. The parties do, however, dispute the second and third elements of breach and proximate cause.

---

[3]We note in passing that this failure also affects Ms. McCarthy's ability to create a triable issue on other elements of her premises liability claim. For example, she cannot create a triable issue on the fourth element, that Target was negligent, where Target did know or have reason to know about the alleged liquid on the floor. Moreover, in the Court's judgment, the failure of proof on the second element prevents Ms. McCarthy from creating a triable issue on the third element: that Target could reasonably expect people on the property would not discover the condition or would fail to protect themselves against the danger. We fail to see how Ms. McCarthy can meet this element without also offering evidence that Target knew or reasonably should have known of the condition; without proof to create a triable issue on the second element, the third element would become too abstract.

A plaintiff is not required to establish notice when the defendant was involved in creating the hazard (*i.e.*, "when [plaintiff] can show the substance was placed on the premises through defendant's negligence"). *Galbreath*, 2011 WL 1560669, at *4 (quoting *Reed v. Wal-Mart Stores, Inc.*, 700 N.E.2d 212, 214 (Ill. App. 4th Dist. 1998)). Thus, "where a business invitee is injured by slipping on a foreign substance on defendant's premises, and there is evidence tending to show that the substance was on the floor through the acts of defendant or his servants, the issue of negligence will be submitted to the jury." *Olinger*, 173 N.E.2d at 445.

However, as we have explained above, the parties have not offered any evidence that defendant played a role in creating the alleged hazard: the liquid that allegedly was on the floor, which Ms. McCarthy says caused her to slip and fall. Where – as here – "there is no showing of how [a foreign substance came to be on the floor], there must be evidence of sufficient notice to the defendant of the presence of the substance, so that defendant, in exercising ordinary care, would have discovered it." *Olinger* 173 N.E.2d at 445 (quoting *Mikkelson v. Young Men's Christian Ass'n*, 317 F.2d 78, 79 (7th Cir. 1963)). A plaintiff must show "in addition to the fact that the substance on the floor" that it also "was a product sold or related to defendant's operations." *Id.* at 446. "Even where there is proof that the foreign substance was related to defendant's business, but no further evidence is offered other than the presence of the substance and the occurrence of the injury," such evidence is insufficient to create a triable issue of material fact. *Id.*

At bottom, a plaintiff must show her injury was caused by "[d]efendant's negligence in failing to maintain the premises in a safe condition" such that "the [substance] remained on the floor." *Galbreath*, 2011 WL 1560669, at *5. As discussed, Ms. McCarthy has offered no evidence that Target would have discovered the alleged substance in the exercise of ordinary care. This is

9

fatal to her ability to create a triable issue as to whether Target was negligent, and whether this negligence was the proximate cause of her injury. Target's motion for summary judgment on Count I, alleging ordinary negligence, is therefore granted.

### III.

Thus far, we have analyzed Ms. McCarthy's claims as she has plead them, and as she has presented them by answering requests to admit and giving deposition testimony. Ms. McCarthy claims she was injured when she slipped and fell as a result of a virtually invisible, slippery substance on the floor of Target's DVD aisle. For the reasons discussed in this section of the opinion, this Court finds that neither claim can survive summary judgment, even if there was an accumulation of liquid on the floor and Ms. McCarthy slipped on it as she claims.

We suspect that Ms. McCarthy recognizes this is the case, because her briefing in response to the motion for summary judgment abandons the factual assertions she has plead in the complaint and sworn to during discovery. In opposing summary judgment, Ms. McCarthy no longer claims that she fell on a slippery, liquid substance. Instead, Ms. McCarthy – through her retained expert, Michael Eiben, a licensed architect – seeks to defeat summary judgment by advancing an entirely different factual theory as to how and why she fell. Mr. Eiben opines that the design of the DVD display case was defective because it projected too far into the aisle. Mr. Eiben further opines that the floor in the area where Ms. McCarthy fell was slippery because the floor lacked a sufficient "co-efficient of friction" (*i.e.*, it lacked sufficient adhesion). According to Mr. Eiben, these two conditions combined to cause Ms. McCarthy to lose her footing and fall when her right foot hit the display case that protruded too far into the aisle (Pl.'s Resp. Mem., Ex. J).

Defendant seeks to bar and strike this testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Defendant offers two reasons to exclude Mr. Eiben's testimony: (1) his opinions are not helpful or relevant, because they contradict the theory of liability alleged in the complaint and the facts admitted by Ms. McCarthy in admissions under Rule 36 and under oath in her deposition; and (2) Mr. Eiben's opinions are not reliable, because they are too speculative and lack scientific credibility (Def.'s Mot. to Bar at 2-10).

We agree that there are serious questions concerning the reliability of key elements in Mr. Eiben's opinions. For example, Mr. Eiben says that the reason Ms. McCarthy was unable to maintain her footing after she allegedly encountered the DVD display case was because the floor was too slippery as a result of low co-efficient of friction. Mr. Eiben's opinion about the co-efficient of friction on the floor is based on swiping his hand across the floor that existed in the DVD aisle in 2010, not in 2007 when Ms. McCarthy fell. Whether a hand swipe test is a reliable basis for measurement is dubious at best; and Mr. Eiben offers no explanation for the assumption underlying his opinion that the co-efficient of friction on the floor was the same in 2007 as it was in 2010. These questions strike at the heart of Mr. Eiben's opinion, as he attributes Ms. McCarthy's fall not simply to the design and placement of the DVD display, but also to the co-efficient of friction on the floor.[4]

---

[4] We note that in his deposition, Mr. Eiben also offered the opinion that Ms. McCarthy was not an accurate reporter of how and why she fell, because "[p]eople that go through this trauma do not always recall, and for the most part, do not recall the incident that involved the fall" (Def.'s Mem., Ex. K at 56). He further stated that "even though they may believe one thing, that's not always the case" (*Id.* at 57). We are not convinced that Mr. Eiben's training as an architect renders him qualified to express an expert opinion about how accurately human beings perceive traumatic and unexpected events.

11

But, we need not rule on the reliability challenges to Mr. Eiben's opinions. His opinions are not relevant or helpful because they do not relate to the factual allegations pled by Ms. McCarthy as the basis for her claims, namely that she slipped and fell on a liquid substance. An expert opinion that "does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591. Here, Mr. Eiben's opinions about how Ms. McCarthy fell contradict the allegations in her complaint, deposition testimony, and Rule 36 admissions.

Beginning with the complaint, in Count I, Ms. McCarthy alleges that Target:

> . . . committed one or more of the following careless and negligent acts and/or omissions:
>
> (a) Allowed and permitted an accumulation of liquid or other slippery substance on the floor of said premises;
>
> (b) Failed to inspect the premises in order to discover the presence of liquid or other slippery substance on the floor;
>
> (c) Failed to remove the liquid or other slippery substance from the floor;
>
> (d) Failed to warn the Plaintiff of the presence of the liquid or other slippery substance on the floor;
>
> (e) Failed to cordon off, block off, or otherwise isolate the area so as to prevent the Plaintiff from encountering the liquid or other slippery substance on the floor[.]

(Compl., Count I, ¶ 4). Ms. McCarthy alleged that her injuries were the "direct and proximate result" of these alleged acts or omissions (*Id.*, ¶ 5). And, in Count II, Ms. McCarthy pleads the dangerous condition to be "specifically, the presence of a slippery liquid on the floor of a consumer shopping area," (*Id.*, Count II ¶ 5).

Nowhere in the complaint does Ms. McCarthy allege that the DVD display case was hazardous or defective, or that Target was negligent in maintaining the DVD display in the way it did. Nowhere does the complaint allege that Target was negligent in providing a floor that (without a substance on it) was too slippery.

What's more, in sworn deposition testimony, Ms. McCarthy expressly denied the very theory of liability she now seeks to advance through Mr. Eiben's expert report and testimony, namely that she fell in the Target DVD aisle because her right foot came into contact with the DVD display case shelf and she lost traction on the floor. Ms. McCarthy testified: "[My right foot] was next to [the DVD case]. It was not touching it" (Def.'s Ex. G, McCarthy Dep. at 172, ll. 5-6). She further testified that: "I . . . felt my right foot slip out from under me and I fell down" (*Id.* at 168, ll. 12, 15-16). When asked if she knew what caused her to slip, Ms. McCarthy stated: "I felt something slick on the floor" (*Id.* at 173, l. 13). And, when asked whether the Sprite beverage she was carrying spilled before she fell, thus causing her fall, she stated that the Sprite "flew forward into the aisle," when she fell, not before she fell; and, when she "looked backward" after she had fallen, "there was a slight glossing of liquid where [her] right foot slipped." (*Id.* at 175, l. 1-2; ll. 7-9).

Finally, Ms. McCarthy's responses to the Rule 36 requests to admit tell the same story she pled in the complaint. Specifically, in her Rule 36 responses, she "denies that she did not slip on liquid on the floor as alleged in her Complaint in this case" and "admits that she did slip on liquid on the floor as alleged in her Complaint in this case" (Pl.'s Ex. H, ¶ 5).

Plaintiffs "are masters of their own complaints," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and thus are entitled to frame their claims in any way they choose consistent with the obligations imposed by Federal Rule Civil of Procedure 11. In this case, Ms. McCarthy

13

unequivocally has staked out one factual theory: she fell on a slippery liquid. She plead this assertion in her complaint, which (to this day) she has never sought to amend; she testified to the same set of facts on oath in her deposition, which (to this day) she has never sought to amend; and she has admitted these facts in response to Rule 36 requests, which (to this day) she has never sought to withdraw or amend.

Having staked out her claim in so many ways, Ms. McCarthy is not allowed now to change course to avoid the consequences of a summary judgment motion. A plaintiff is "bound by her complaint's characterization of" the event, and she cannot now avoid summary judgment by the simple expedient of denying what she has pled. *Zeidler v. A&W Restaurants, Inc.*, 219 Fed. Appx. 495, 498 (7th Cir. 2007) (citations omitted); *see also Helpat Home, Inc. v. Medical Capital, LLC*, 260 F.3d 748, 753 (7th Cir. 2001) (finding that characterization in complaint of a transaction as a loan was a binding judicial admission); *Soo Line R. Co. v. St. Louis SW. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("a party is bound by what it states in its pleadings").

Ms. McCarthy's deposition testimony further ties her to the factual assertion she plead. "As a general rule, the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1055 (7th Cir. 2000) (citation omitted). In *Kalis*, the Seventh Circuit affirmed a trial court ruling granting summary judgment for a defendant where, during the summary judgment briefing, the plaintiff offered an affidavit that "did not function to clarify prior statements," but, instead, "appear[ed] to be an effort to undo (contradict) the effects of the deposition testimony." *Id.* at 1056.

That is precisely what Ms. McCarthy seeks to accomplish here. Ms. McCarthy unequivocally testified in her deposition that she fell when she slipped on a puddle of liquid on the floor. She emphatically testified that the DVD display case did not cause her to lose her balance or fall; when asked if she believed "that the reason you fell was because your right foot got caught between the shelf and the vertical black part that was plumb with the floor," Ms. McCarthy stated: "[a]bsolutely not" (Def.'s Mem., Ex. G at 218). She later stated a second time that any touching or contact between her foot and the DVD display case did not cause or contribute to her fall, or cause her to lose her balance (*Id.* at 219-220). Now, on summary judgment, Ms. McCarthy seeks to offer testimony directly contrary to this sworn deposition testimony. The fact that she seeks to do so through a retained expert, rather than in her own affidavit, is of no consequence.

If this were not enough to bar the end run that Ms. McCarthy now seeks to make on the claim she has plead, Mr. Eiben's opinion testimony also runs headlong into Ms. McCarthy's Rule 36 admissions. In response to Rule 36 requests to admit, Ms. McCarthy admitted that she slipped on liquid on the floor as alleged in her complaint. The express language of Rule 36(b) states that "[a] matter admitted under this rule is conclusively established . . . ." This means that an admission under Rule 36 is a judicial admission. *Kohler v. Leslie Hindman, Inc.,* 80 F.3d 1181, 1185 (7th Cir. 1996). "A judicial admission trumps evidence," *Cooper v. Carl A. Nelson & Co.,* 211 F.3d 1008, 1014 (7th Cir. 2000), and, indeed, bars a party from offering evidence contrary to the admission. "Judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Soo Line R. Co.,* 125 F.3d at 483 (7th Cir. 1997).

15

Ms. McCarthy's admission that she slipped on liquid on the floor is binding: "for the purposes of summary judgment, it is." *Crest Hill Land Dev. LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005). Ms. McCarthy cannot simply disregard, or contradict, that admission because she now may regret it. *Zander v. Cont'l Case Co.*, 61 Fed. Appx. 963, 965 (7th Cir. 2003) ("Continental may now regret that judicial admission, but an admission it was, and Continental is not entitled to controvert it on appeal"). Thus, Ms. McCarthy cannot offer Mr. Eiben's opinion that she fell due to the design of the DVD display case and the co-efficient of friction on the floor, as that opinion contradicts her Rule 36 admission. *Zeidler*, 219 Fed. Appx. at 498.

The only way for Ms. McCarthy to have avoided the effect of her Rule 36 admission is to have shown a basis under Rule 36(b) to withdraw the admission. "[T]he proper procedural vehicle through which to attempt to withdraw admissions . . . is a motion under Rule 36(b) to withdraw admissions." *Kalis*, 231 F.3d at 1059; *Keller v. United States*, 58 F.3d at 1194, 1198 n.8 (7th Cir. 1995). Rule 36(b) allows the Court to permit a party to withdraw or amend an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." But, Ms. McCarthy has not filed a motion seeking to withdraw or amend her Rule 36 admissions; and, it is too late to do so now.

In sum, Mr. Eiben's opinions are not relevant or helpful to the claim as Ms. McCarthy has plead it, and as she has confirmed it on oath. We therefore grant Target's motion to bar those opinions.[5]

---

[5] Because Mr. Eiben's opinions are not relevant to the claims Ms. McCarthy has pled, those opinions – even if not stricken – would be insufficient to create a genuine dispute of *material* fact sufficient to defeat summary judgment. In assessing a summary judgment motion, "[f]actual disputes that are irrelevant or unnecessary will not be counted."

## CONCLUSION

For the foregoing reasons, the Court grants Target's motion to bar Mr. Eiben's opinion evidence (doc. # 74), and grants Target's motion for summary judgment (doc. # 71). The Court enters judgment for Target and against Ms. McCarthy on Counts I and II. The case is terminated.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: March 19, 2012

---

*Anderson*, 477 U.S. at 248.